■    EMIL K. TALLMADGE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42377.) — REYNOLDS, J. Appeal by the State from a judgment of the Court of Claims awarding claimant $45,000 plus interest, for the appropriation of certain property in the Village of Homer, Cortland County. The sole ground advanced for reversal here is that the Court of Claims committed reversible error in admitting into evidence testimony by claimant as to an unconsummated purchase offer for his property. In *Archer Motor Co.* v. *State of New York* (14 N Y 2d 678, 679) the Court of Appeals stated: "The receipt of the purchase offer in evidence was error but the record indicates that the award was supported by other competent and substantial evidence sufficient to justify the award." This rationale is equally applicable here. The award rendered is well within the range of the testimony, being, in fact, almost half way between the experts' evaluations. We find no substantial significance in the fact that the award corresponds exactly with the amount of the purchase offer. Furthermore, the State's objection to testimony concerning the purchase offer was only that claimant be required to produce the complete purchase offer including the schedules thereto. This conditional objection was satisfied and obviated when claimant testified, in detail and without objection, as to the items of personalty which the State's objection put in issue, and each party then proceeded at considerable length, and without objection by either,

to develop the proof concerning the offer, claimant's acceptance thereof and his alleged release of the purchaser, at the latter's request, when rumors of the State's possible interest in acquiring the property began to be circulated. No objection was taken, thereafter, to claimant's testimony as to the terms of the purchase offer, including the price, and, in fact, on cross-examination the State itself examined claimant as to the terms thereof. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Staley, Jr., JJ., concur.